McCALEB, Justice.
 

 The State of Louisiana has taken this appeal from a judgment dismissing its suit upon exceptions filed by the defendants, the Texas Company and Carroll S. Mayer, which assailed the authority of the Attorney General and his Special Assistants to file and prosecute the action on its behalf. The petition is very lengthy and involves the right of the State to recover certain mineral lands which are now in the possession of the Texas Company as assignee of Mayer under a mineral lease executed in Mayer’s favor by the Governor in 1928. The main object of the suit is for a judgment decreeing as null and void an instrument executed by the late Huey P. Long, as Governor of Louisiana, on November 17, 1928, amending the description of State Lease Ño. 214, dated September 13, 1928, to the extent that such amendment sought to include all of the water bottoms in the area embraced in the Game and Fish Preserve and Public Hunting Ground created by Act No. 52 of 1921, Ex.Sess., and also to recover from the Texas Company possession of such property and seven-eighths of the oil produced therefrom during the past several years.
 

 To this petition, the defendants filed, in limine, exceptions of want of authority of the Attorney General and his Special Assistants to file and prosecute the action on behalf of the State. The exception of the defendant Mayer, which is identical with that of the Texas Company, reads as follows :
 

 “Into this Honorable Court, through undersigned counsel comes Carroll S. Mayer, named as one of the defendants herein, who appearing specially and solely for the purpose of this pleading, and who reserving the right to further except and plead and to answer, now respectfully shows:
 

 “I. That the State of Louisiana -is named as the party plaintiff herein, the petition being signed by the Attorney General and the Special Assistant Attorneys Gen
 
 *425
 
 eral of the State; no where in said petition does it appear that the State is represented by or appears through any official, board or agency other than through the said Attorney General and Special Assistant Attorneys General; nor does said petition disclose any authority in the Attorney General or the Special Assistant Attorneys General, or any one or more of them, to institute this action in the name and on behalf of the State.
 

 “II. That this action has for its object the annulment in part of a mineral lease granted by the State of Louisiana. That by Act 93 of 1936, as amended by Act 80 of 1938 and Act 71 of 1940, the Legislature of Louisiana vested State Mineral Board with full supervision of all mineral leases, including the mineral lease described in the petition herein, with authority to take any lawful action for the protection of the interest of the State, including the specific authority to institute any action to annul any such mineral leases on any legal ground whatsoever, and named the Attorney General as attorney for said Board, though said Board is authorized to employ other counsel. That State Mineral Board has not authorized the institution of this action, and consequently there exists no authority in the Attorney General to institute and prosecute same on behalf of the State of Louisiana.
 

 “III. Such want of authority in the Attorney General and the Special Assistant Attorneys General is now specially pleaded ; defendant can not be required to answer the petition herein; and the action should be dismissed.
 

 “Wherefore defendant, Carroll S. Mayer, prays that this plea be maintained and the action be dismissed, and for general and equitable relief.”
 

 It will be observed from a casual examination of the exceptions that the theory upon which they are founded is that the Attorney General is without authority to institute a suit for and on behalf of the State without first obtaining permission from the State Mineral Board since the latter (so defendants claim) and not the State has been accorded by law the exclusive right and cause of action to bring a suit' to annul or cancel a mineral lease. Hence, what the defendants are contending is not that the Attorney General is without authority to institute and prosecute a civil suit on behalf of the State but that the State is without a right or cause of action to sue for the reason that the Legislature has delegated the right sought to be enforced to .the Mineral Board to the exclusion of any one else.
 

 This contention is not properly presented on an exception which assails the authority of the Attorney General to proceed in his official capacity as the head of the Department of Justice in an action having for its purpose the recognition and enforcement of rights allegedly belonging to the State itself.
 

 - The Attorney General has unquestionably the right to file a suit in the name of the State and he is not required to obtain the permission of the Governor or any other executive or administrative officer or board in order to exercise it. This power
 
 *426
 
 and duty is inherent in him in the nature of things and has been specially charged to him by the people themselves in the Constitution. Section 56 of Article VII of the Constitution of 1921, in prescribing the powers and the duties of the Attorney General, declares: •
 

 “ * * * They (the Attorney General and his Assistants), or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party,
 
 with power and authority to institute and prosecute
 
 or to intervene in any and all suits or other proceedings, civil or criminal,
 
 as they may deem necessary for the assertion or protection of the rights and interests of the State.
 
 *
 
 * *■”
 
 (Words in parenthesis and italics ours.)
 

 It is clear from the foregoing that the Attorney General not only has the power to file suit on behalf of the State but is also vested with full discretion in determining whether or not proceedings should be brought. When he files a suit in the name of the State to protect a right which he believes has been invaded, any question addressed to the State’s right to sue or whether it has a cause of action cannot be raised on an exception to the authority of the Attorney General to proceed on behalf of the State but must be urged by way of exception of no right or cause of action.
 

 In view of this, we do not feel called upon to consider at this time the proposition contended for by the defendants that the State is without a right or cause of action to maintain the suit. Our conclusion is that the exceptions challenging the Attorney General’s right to sue on behalf of the State are not well founded and that they should have been overruled.
 

 For the reasons assigned, the judgment appealed from is reversed; the defendants’ exceptions are overruled, and it is now ordered that the case be and it is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings in accordance with law and consistent with the views herein expressed. Costs of this appeal are to be paid by the defendants; other costs to await final determination of the case.