297 So.2d 918 (1974)
STATE of Louisiana ex rel. William J. GUSTE, Jr., Attorney General, et al.
v.
SIMONI, HECK AND ASSOCIATES, et al.
No. 9889.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
*919 Lynn E. Williams, Baton Rouge, for Louisiana Office Bldg. Corp.
Dale C. Wilks, New Orleans, Staff Atty., for Atty. Gen.
Richard B. Nevils, Baton Rouge, for Airtrol Engineering Co.
Maurice J. Wilson, Baton Rouge, for Warner Corp.
Phillip Wittmann and Walter B. Stuart, IV, New Orleans, for Pittman Const.
Paul Spaht, Baton Rouge, for D. F. Burkhalter.
Before SARTAIN, J., and BAILES and VERON, JJ. Pro Tem.
BAILES, Judge Pro Tem.
Plaintiffs, State of Louisiana and the Louisiana Office Building Corporation (LOBC), brought this action against Simoni, Heck and Associates (Simoni), Pittman Construction Company, Inc. (Pittman), its surety, Aetna Casualty and Surety Company, Inc. (Aetna), Airtrol Engineering Company, Inc. (Airtrol), and York Corporation (York), subsidiary of Borg-Warner Corporation, and other parties not involved in this appeal, to recover certain alleged overpayments which arose through change orders as well as nonperformance of specified work in the construction of the headquarters office building of the Louisiana Department of Education located at 634 North Fourth street in Baton Rouge.
Defendants, Simoni, Pittman, Aetna and Airtrol filed exceptions of prescription of three years under provisions of LSA-R.S. 38:2189, and also Airtrol filed exceptions of no right or cause of action based on no privity of contract between plaintiffs and Airtrol. York filed an exception of prescription of one year and alternatively, exceptions of no right or cause of action. The exception of prescription is directed to the action in tort, as more than one year has elapsed since the furnishing of equipment to Airtrol and initiation of this suit, and the exception of no right or cause of action is based on lack of privity of contract between York and plaintiffs.
The court a quo sustained the exceptions of prescription of three years filed by Simoni, Pittman, Aetna and Airtrol, and also sustained the exception of no right or cause of action filed by Airtrol and York, the result of which was the dismissal of this action as to all these defendants.
The plaintiffs have appealed. We find the judgment appealed is correct, and accordingly, we affirm.
From the record it appears that on December 14, 1966, LOBC entered into a written contract with Pittman for the construction of a headquarters office building for the Louisiana Department of Education. This contract was properly recorded in the office of the Clerk of Court of East Baton Rouge Parish. In due course, the building was completed and a formal notice of acceptance of substantial completion of the building contract was filed in the office of the Clerk of Court of East Baton Rouge Parish on February 19, 1969. This suit was filed on November 7, 1973, approximately four and one-half years subsequent to the recordation of the certificate of substantial completion.
From the pleading, we find Simoni was the architectural and engineering firm with whom LOBC contracted to plan, design *920 and supervise the construction of the office building; Pittman was the prime contractor for its construction and Aetna was the surety on the performance bond furnished by Pittman under the contract; Airtrol was a subcontractor under the prime contract of Pittman for the installation of the air-conditioning and heating system; and York was the supplier of certain equipment to Airtrol for performance of its subcontract.
Plaintiffs seek to plead a cause of action both in contract and in tort. In the original and the second amended petitions they allege the conclusion that the defendants negligently performed their various and respective functions and that plaintiffs were damaged in the respective amounts claimed.
This conclusion is made obvious by the first amended petition in which plaintiffs allege:

"XIX (A)
"Pursuant to Article 892 of the Louisiana Code of Civil Procedure, plaintiffs aver that in addition to their cause of action `ex contractu' as set forth in the original petition, the facts stated therein also constitute a cause of action `ex delicto' (in tort) which plaintiffs hereby plead in the alternative and request the same relief as originally prayed for."
In their brief, plaintiffs specify two errors in the trial court judgment on which they rely for reversal. These are: 1. That the trial court erred in applying LSA-R.S. 38:2189 to LOBC, a private non-profit corporation; and 2. That the trial court erred in sustaining the exceptions of no cause or right of action filed by Airtrol and York.
Thus, the issues on this appeal are: 1. Whether the Louisiana Office Building Corporation (LOBC) is an agency, board of subdivision of the State of Louisiana; and 2. Whether an allegation that a subcontractor willfully and negligently supplied and installed the wrong equipment states a cause or right of action against the subcontractor.
We find the trial judge has well considered and correctly decided both of these issues. We adopt his reasons for judgment which we now quote, in part, as follows:
"The basis of defendants' peremptory exception R.S. 38:2189 provides as follows:
"Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or sub-divisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor unless otherwise limited in this said chapter.'
"* * *
"There can be no doubt from the clear and unambiguous language of the statute that it was the intent of the Legislature to set forth a precise prescriptive period to govern the filing of suits by the state or any of its agencies, boards or subdivisions on the contract or contract bond, or against the contractor or the surety or both on the bond furnished by the contractor.
"The Attorney General's initial objection to the prescription statute is that the Louisiana Office Building Corporation, which it (sic) represents, is not the state or any of its agencies, boards or subdivisions, and so is outside the contemplation of R.S. 38:2189.
"In order for R.S. 38:2189 to apply in the premises it must first be established that both plaintiffs are in the capacity of the state or any of its agencies, boards or subdivisions as set forth in the statute.
"There can be no doubt that the State of Louisiana appearing in its own name and *921 represented by the Attorney General comes under the statute. As to the Louisiana Office Building Corporation, although first established as a nonprofit corporation under the laws of Louisiana, by Act No. 429 of the 1966 Louisiana State Legislature, as set forth in LSA-R.S. 44:8, the corporation was declared to be a quasi-public corporation and, as such, subject to the Louisiana Public Records statutes. The character of the corporation as a state agency or subdivision is clearly indicated by the fact that all records of the corporation and all records of officers of the corporation are matters of public record and open to inspection by state officials and employees, members of the Legislature and Legislative staff, personnel and the general public. Additionally, to further show the character as a subdivision or agency of the State, the corporation is required under Section C of R.S. 44:8:
"All books and records of the Louisiana Office Building Corporation shall be subject to audit and review by the Legislative Auditor to the same extent as all other state departments or agencies' (Emphasis Added)
The `all other' language noted above clearly indicates the status of the corporation as a State department or agency.
"In addition to the above statutory language, a review of the petition clearly shows that the suit was filed in behalf of the Louisiana Office Building Corporation by the Attorney General of the State of Louisiana. Under Louisiana Constitution Article 7, Section 56, the powers and duties of the Attorney General are set forth in pertinent part as follows:
"The Attorney General and the assistants shall be learned in the law and shall have actually resided and practiced law, as duly licensed attorneys, in the State for at least five years preceding their election and appointment. They, or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the state is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the
State, and perform all other duties imposed by law.'
See State ex rel Porterie v. Smith, 182 La. 662, 162 So. 413, 418 (1935); Department of Highways, et al v. Thomas, et al, 200 La. [73] 72, 7 So.2d 619, 622 (1942); and State v. Texas Co., 199 La. 846, 7 So.2d 161, 162 (1942), illustrating the application of Article 7, Section 56, to matters in which the State has an interest.
"Pretermitting the question of how it is that the Attorney General has come to represent a party that has no relationship with the State, the proposition that the Louisiana Office Building Corporation is not contemplated within the broad language of the statute is patently unsupportable. The plaintiffs base their argument that the Louisiana Office Building Corporation is not affiliated with the State on the theory that it does not fit within the parameters of Article 427 of the Louisiana Civil Code which defines `political corporations'. In the final analysis, whether or not the Louisiana Office Building Corporation is a political corporation is not determinative of whether it is includable under the terms of the prescriptive statute. R.S. 38:2189 applies its three-year prescriptive period to `the state or any of its agencies, boards or sub-divisions'. It is difficult to imagine more sweepingly inclusive language in a statute. The word `corporation' is nowhere included in the statute. Whether or not the Louisiana Office Building Corporation is a public corporation is not, therefore, dispositive of whether or not it is `the state or any of its agencies, boards or sub-missions' for purposes of R.S. 38:2189. * * *.
"An examination of the structure of the Louisiana Office Building Corporation *922 shows that it is properly definable as a public corporation, even under the guidelines of the case relied on by plaintiffs, Audubon Park Commission v. Board of Commissioners for the Port of New Orleans, 153 So.2d 574 (La.App. 4th Cir. 1963). In that case the subject corporation, the Audubon Park Natatorium, Inc. ("the Natatorium'), was a corporation whose shareholders were composed of 500 private citizens (153 So.2d at 576). In the case of the Louisiana Office Building Corporation, however, the following persons were the original subscribers to the Articles of Incorporation:
John J. McKeithen Mrs. Mary Evelyn Parker
C. C. Aycock Wade O. Martin, Jr.
A. P. Tugwell Mrs. Ellen Bryan Moore
Vail M. Delony William J. Dodd
Jamar W. Adcock
Furthermore, Article IX of the original Articles of Incorporation, which was in effect during the period of the contract in dispute, provides as follows:
"The first Board of Directors shall be as follows:
John J. McKeithen Mrs. Mary Evelyn Parker
C. C. Aycock Wade O. Martin, Jr.
A. P. Tugwell Mrs. Ellen Bryan Moore
Vail M. Delony William J. Dodd
Jamar W. Adcock
"All directors, including those herein named and those subsequently serving, shall serve terms concurrent with their terms as public officials.
"The directors and members of this corporation shall always be the persons serving in the following positions in the state government of Louisiana:
Governor Lieutenant Governor State Treasurer Speaker of the House of Representatives Chairman, Legislative Budget Committee Commissioner of Administration Secretary of State Register of State Land Office State Superintendent of Public Education
"If any person shall cease to serve in one of the above offices, he shall thereby cease to be a member and director of this corporation, and his successor in office shall automatically, and without the necessity of further action by anyone, become a member and director of this corporation.'
"Even when the Articles were later amended in 1970 to provide for smaller representation on the Board of Directors, the directorships were still required to be filled by state officials. Article IX, paragraph 3, as amended, now provides:
"The names and post office addresses of the initial Board of Directors are as follows:
John J. McKeithenBaton Rouge, Louisiana C. C. AycockFranklin, Louisiana A. P. TugwellBaton Rouge, Louisiana Vail M. DelonyLake Providence, Louisiana Jamar W. AdcockMonroe, Louisiana Mrs. Mary Evelyn ParkerBaton Rouge, Louisiana Wade O. Martin, Jr.Baton Rouge, Louisiana Mrs. Ellen Bryan MooreBaton Rouge, Louisiana William J. DoddBaton Rouge, Louisiana
"The terms of office of the initial Board of Directors, or any successor thereof, shall expire on January 13, 1969, thereafter the directors and members of the Louisiana Office Building Corporation shall be the three persons serving in the following positions in the state government of Louisiana:
1. The designee of the Governor, to serve a term concurrent with the Governor.
2. The Commissioner of Administration.
3. The Director of the State Bond and Building Commission.'
"Thus, the entire membership of the Louisiana Office Building Corporation, as well as the Board of Directors, is composed not of named individuals but of State officials sitting as directors solely because of their State positions. * * *.
"In marked contrast to the activities of the Natatorium, which the court found were outside of permitted State activities, the Louisiana Office Building Corporation is clearly a corporation which has, in the *923 words of La.Civ.Cod. art. 429, `principally for its object the administration of a portion of the State, and to whom a part of the powers of government is delegated to that effect.' Aside from the very name of the corporation, the original Articles of Incorporation and the subsequent amendments show that the corporation was formed and operates exclusively as a public corporation provides:
"This corporation is organized, and it shall be operated exclusively for the purpose of constructing, repairing, remodeling, acquiring owning, leasing and operating public buildings, facilities, improvements, parking lots or garages and work on behalf of and for the benefit of the State of Louisiana. (Emphasis Added)'
Similarly, Article XVIII provides for an automatic transfer of title of buildings constructed under the aegis of the Louisiana Office Building Corporation:
"It being intended that all buildings to be constructed or otherwise acquired by this corporation will be for the use and benefit of the State of Louisiana, upon the payment of all indebtedness incurred in connection with the acquisition or construction of each such building and the site thereof, title to the land and buildings shall automatically vest in the State of Louisiana and the president and treasurer of this corporation shall execute and deliver such conveyances as are necessary to show title in the State... (Emphasis Added)'
"Clearly then, the requirement of La. Civ.Cod. art. 429 that `political corporations are those which have principally for their object the administration of a portion of the state, and to whom a part of the powers of government is delegated to that effect' is more than satisfied by the stated purposes of the Louisiana Office Building Corporation.
"* * *
"There can be no doubt that the clear and express intent of the Louisiana State Legislature in the passage of R.S. 38:2189 was to provide a definite, precise period under which the State of Louisiana would be bound to file and prosecute any claim against the contractor on a contract or bond or against the contractor or the surety or both on the bond regarding any construction, alteration or repair of any public works let by the State. R.S. 38:2189 is the latest expression of the Legislative will and, as such, governs all prospective contracts from the date of its being signed into law. * * *.
"* * *."
In their argument before us, plaintiffs cite as a precedent the case of Blaser & Kammer v. Don Ganser & Associates, Inc., 19 Wis.2d 403, 120 N.W.2d 629, a 1963 decision in which the Supreme Court of Wisconsin adopted the rationale that the Wisconsin University Building Corporation, organized under the general corporation laws of Wisconsin as a private, non-profit corporation for the purpose of construction buildings for the exclusive uses, purposes and benefit of the University of Wisconsin, was a private corporation organized for public purposes to which a certain statutory prescriptive period did not apply. We do not find this case persuasive in our consideration of the public nature and the existence of the Louisiana Office Building Corporation as an agency of the State.
We hold that Louisiana Office Building Corporation was an agency of the State and the provisions of LSA-R.S. 38:2189 supply the statutory basis for holding the claims asserted against Simoni, Pittman, and Aetna are prescribed.
We now pass to our consideration of the second issue and the merits of the exception of no right or cause of action filed by Airtrol and York.
Again we quote approvingly from the written reasons of the trial court:
"Airtrol was a subcontractor of Pittman, general contractor for construction of the *924 building in question. Borg-Warner contracted with Airtrol to supply rubber-in-shear isolators to Airtrol, and isolators to be utilized by Airtrol in fulfillment of its subcontract with Pittman.
"The position of exceptors is that there is no privity of contract between them and plaintiffs and that, lacking privity, plaintiffs have no right or cause of action against them.
"The established rule is that, in the absence of a contrary statutory provision, an action ex contractu cannot be maintained against a party to a contract by a person who is not privy thereto. Lumber Products, Inc. v. Hiriart, 255 So.2d 783 (La. App. 4th Cir. 1971).
"For the purpose of considering an exception of no cause of action, all of the pleadings are accepted as being true and evidence is inadmissible to show otherwise. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The instant pleadings do not disclose any basis on which privity between plaintiffs and exceptors can be established.
"Plaintiffs, however, assert that their right and cause of action against exceptors arises ex delicto, not ex contractu.
"An inspection of the pleadings shows that the negligence of exceptors is averred, but the recovery sought is the difference in purchase price of rubber in-shear isolators and spring coil type isolators. In Hiriart, supra, the Fourth Circuit Court of Appeal was faced with a similar situation in passing on exceptions of no right or cause of action. The Court said:
"A careful examination of this case and other cases allowing recovery against a contractor in tort by one not privy to a contract with him reveals a significant and basic distinction from those cases denying recovery because of the absence of privity of contract. Where the damage sued for is the defectively performed work itself, the action is strictly a contractual one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present.
"* * *."
"The reconventional demand before us is one to collect for defective workmanship, i. e., to have the work performed as called for in the subcontract; it is not for collection of damages caused by defective workmanship; and it is a claim based on a subcontract to which the owner was not privy. Under these circumstances, there being no statutory exception here to the privity of contract rule, the owner had neither a right nor a cause of action against the appellant. Consequently, that portion of the judgment awarding the owner the sum of $1,600 must be reversed.' (255 So.2d at 787-788)
"Plaintiffs' pleadings herein allege only that exceptors negligently and willfully supplied the rubber-in-shear isolators. They do not claim any damages were caused by exceptors furnishing of said isolators; instead, they merely seek the difference in purchase price between the isolators supplied by exceptors and a type isolator which they say should have been provided. The pleadings in this matter sound wholly in contract and allege none of the elements upon which a delictual claim can be based. Hiriart, supra. And, reiterating, the contractual allegations are inadequate because no basis for requisite privity is asserted.
"* * *."
As authority to bring this action against Airtrol and York in the absence of privity of contract, plaintiffs rely on the case of Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972). In the instant case, the plaintiff was seeking to *925 collect the difference between the cost of specified materials and equipment and the cost of the materials and equipment actually furnished and installed.
The court in the Media-Mercedes case found a breach of an implied warranty of reasonable fitness for the product's intended use, and stated that Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty. The holding of the court in the cited case is not apropos to the recovery sought in the instant case.
The exceptions of no cause of action filed by Airtrol and York are sustained.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed.
Affirmed.