LOTTINGER Judge.
This is a suit by the Louisiana Office Building Corporation and the State of Louisiana. The defendants are Simoni, Heck & Associates, hereinafter referred to as Simoni, an architectural and engineering firm who contracted with Louisiana Office Building Corporation to plan and design the headquarters of the office building of the Louisiana Department of Education; D. F. Burkhalter, hereinafter referred to as Burkhalter, a consulting engineer who was engaged by the architectural firm to design the plumbing, electrical, air-conditioning and heating systems in the building; Pittman Construction Company, Inc., hereinafter referred to as Pittman, the prime contractor for the building; Air-trol Engineering Company, Inc., hereinafter referred to as Airtrol, a sub-contractor for the air-conditioning and heating system; Otis Elevator Company, the subcontractor to install the elevator system; United Masonry, Inc., the sub-contractor for masonry work in the building; Aetna Casualty & Surety Company, hereinafter referred to as Aetna, who supplied the performance bond for Pittman; and York Corporation, hereinafter referred to as York, a subsidiary of Borg-Warner Corporation, hereinafter referred to as Borg-Warner, a sub-contractor to Airtrol. United Masonry, Inc. was subsequently dismissed as a party defendant.
Airtrol and Borg-Warner both filed exceptions of prescription under the provisions of R.S. 38:2189 and, in the alternative, filed exceptions of no cause or right of action. Pittman and Aetna filed exceptions of prescription under the provisions of R.S. 38:2189. While the original suit was an action ex contractu, it was subsequently amended to add a cause of action ex delicto.
On January 18, 1974, the Lower Court assigned its written reasons for judgment on the above exceptions wherein it held that the pre-emptory exceptions of prescription filed by Pittman, Aetna, Airtrol and York would be maintained and, accordingly, the said defendants were dismissed from the proceedings. The court did not rule on the exceptions of no cause nor right of action filed by Airtrol and Borg-Warner as it held them to be moot.
Following a motion by York, the said reasons by the Lower Court were amended on January 24, 1974, so as to sustain Air-trol and York’s pre-emptory exceptions of no right or cause of action.
Subsequently, on January 28, 1974 the Lower Court again amended its reasons so as to have said reasons also apply to the supplemental petitions which sought to add a cause of action ex delicto as well as to increase the amount of damages. The formal judgment was signed on January 29, 1974. The petitioners were granted a de-volutive appeal on January 29, 1974.
On February 14, 1974, defendants “Si-moni” filed exceptions of vagueness, lack of procedural capacity, prematurity, and no right or cause of action on the part of the State of Louisiana, and prescription of one and three years.
On February 14, 1974, defendant Burk-halter filed exceptions of vagueness, no right or cause of action to the State of Louisiana, no right or cause of action as to both plaintiffs and prescription of one and three years.
By judgment of this court dated June 28, 1974 and reported at 297 So.2d 918, this Court erroneously declared that the exception of three years filed by defendant Si-moni had been sustained by the lower court. This was error on the part of this Court as the exceptions filed by defendants Burkhalter and Simoni were not heard until November 18, 1974 and on November 22, 1974, the Lower Court rendered judgment maintaining Simoni’s exception of prescription and also maintaining Burkhal-ter’s exception of no cause or right of action. Petitioners took a devolutive appeal from this judgment and this is the appeal which is now before us.
*479 The petitioners assign the following specifications of error on the part of the Lower Court:
“1. The trial court erred in applying R.S. 38:2189 to a private non-profit corporation.
2. The trial court erred in finding that no cause of action was stated against D. F. Burkhalter.
3. The trial court erred in defining “Contractor” to include architects.”
With regard to specifications of error one in which the petitioner claims that the Trial Court erred in holding that the Louisiana Office Building Corporation was not a private non-profit corporation but an agency of the State, this contention was thoroughly considered in the prior appeal in this case in which we rendered our opinion in 297 So.2d 918.
With regard to the specification two to the effect that the Trial Court erred in finding that no cause of action was stated against Burkhalter, we feel that the same reasoning would apply here as we applied it in reaching a decision on the exception of no cause or right of action filed by Airtrol and York in the prior case reported in 297 So.2d 918. The Lower Court also maintained these exceptions based upon the decision in Lumber Products, Inc. v. Hiriart, La.App., 255 So.2d 783.
In maintaining the exception of three years filed by Simoni under the provisions of R.S. 38:2189, the Lower Court said:
“With respect to the exception of prescription — both defendants have filed peremptory exceptions of prescription directed to both plaintiffs. The basis for these exceptions is that any claim in contract is prescribed in accordance with LSA-R.S. 38:2189. Having already decided that there is no cause of action on behalf of the State against Mr. Burkhal-ter, the Court is left with the determination of whether or not the three year provision, 38:2189, the lapse of three years from the registry of acceptance of completion of the work, applies to Si-moni, Heck and Associates, who were the architects in this matter.
In the decision rendered by the First Circuit Court of Appeal, the previous exceptions that were maintained in this case and handed down on June 28, 1974, at page 2 of the opinion, [297 So.2d page 919] thereof that the “court a quo sustained the exceptions of prescription of three years filed by Simoni, Pittman, Aetna and Airtrol, and also sustained the exception of no right or cause of action filed by Airtrol and York, the result of which was the dismissal of this action as to all these defendants.
While the Court is fully aware of the fact that Simoni', Heck and Associates and D. F. Burkhalter did not argue their exceptions at the time that Pittman, Etna, Airtrol and others did the first time, nevertheless the First Circuit Court of Appeal has seen fit to give us an indication of things to come by saying that the three year prescriptive period did apply to Simoni, Heck and Associates. This Court is of the same opinion.
In this Court’s opinion the interpretation of the word “contractor” includes anyone who had a contract with the owner in this matter, which includes the architects ; that to do otherwise would do disservice to what the Court believes was the intention of the Legislature at the time this particular provision LSA-R.S. 38:2189 was enacted by the Legislature. It is the Court’s opinion that the architect as well as the prime contractor is included in the new prescriptive period of three years from registry of the acceptance of the completion- of the work as regards any claim by the State that arise out of contracts for the construction, repair, or alteration of state buildings.”
We reiterate that the three year prescription as provided by R.S. 38:2189 was not before us with regard to the architect *480 Simoni on the previous hearing, and it is unfortunate that there is language in our previous decision to indicate otherwise and to further indicate that we there affirmed a decision by the Lower Court maintaining this exception when in truth and in fact the Lower Court did not consider the exception of three year prescription with regard to Simoni as it had not then been filed
R.S. 38:2189 provides as follows:
“Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection, with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or sub-divisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor unless otherwise limited in this said chapter.” (emphasis supplied)
Black’s Law Dictionary defines contractor generally as follows:
“This term (contractor) is strictly applicable to anyone who enters into a contract (Kent v. Railroad Co., 12 N.Y. 628) but is commonly reserved to designate one who for a fixed price undertakes to procure the performance of work on a large scale, or the furnishing of goods in large quantities, whether for the public, a company or individual.” (parenthesis supplied)
The question of whether an architect is to be included as “contractor” under the term as used in R.S. 38:2189 is res novo in this state. Although the decision as reached by the Supreme Court in Orleans Parish School Board v. Pittman Construction Co., Inc. et al, 261 La. 665, 260 So.2d 661, there is language in that case which strongly indicates to this Court that, should the question be presented to the Supreme Court, its answer would be in the affirmative.
In the School Board case, the contractor, architect and others were sued for damages when cracks and other structural failures appeared requiring the demolition and replacement of the entire building at a cost of $750,000.00.
The contract between the School Board and architect was entered into on February 2, 1959. The contract between the School Board and the contractor was dated August 24, 1959. The cracking and other structural failures did not appear until September 1, 1968.
The contractor and its surety each filed exceptions of prescription of three years under the provisions of R.S. 38:2189. The exception filed by the contractor was overruled based upon the theory that the contractor was held to a ten year warranty under the provisions of Article 2762 of the Civil Code. The exception filed by the surety, however, was maintained under the theory that the surety is not held to the ten year warranty of Article 2762.
An appeal was granted to the School Board on the ruling maintaining the exception of prescription filed by the surety company. The appellate court affirmed and the Supreme Court granted writs. The Supreme Court reversed the trial and appellate courts and overruled the exception of the surety company and remanded the matter to the Lower Court for further proceedings saying:
“If the contractor must answer the charge that the building fell to ruin on account of the badness of the workmanship, the surety ‘for the faithful performance of his duties’ (La.R.S. 38:2213) must also stand responsible with the contractor if the charge is well-founded. Police Jury of Parish of Vernon v. Johnson, 111 La. 279, 35 So. 550 (1903).”
In that case the Supreme Court considered the ten year warranty of good work *481 manship as provided in Civil Code Article 2762 which provides that:
“If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built or with frames filled with bricks.”
The court there rationalized that the School Board confected its contracts with both the contractor and the architect the right of warranty as provided by Article 2762 became an implied covenant written into these contracts. This right of warranty continued in existence for a period of ten years from the date of acceptance of construction or until September 12, 1970. Therefore, when the falling to ruin of the building became known to the School Board on September 1, 1968, and suit was instituted on August 1, 1969, the School Board’s right of warranty was in full force and effect. The Court then said:
“Under this theory the three-year prescriptive period enacted in 1962 could not be retroactively applied so as to impair the substantive, legal and contractual rights theretofore vested in the School Board.”
The Court there held that Article 2762 was a substantive right in favor of the School Board, implicit in the contracts and that the subsequent enactment of Act 15 of 1962 (R.S. 38:2189) could not affect that vested right under constitutional and legislative guarantees against ex post facto laws or laws impairing the obligations of contracts.
The Court then considered Article 3545 of the Civil Code which provides:
“The action against an undertaker or architect, for defect or [of] construction of buildings of brick or stone, is prescribed by ten years.”
The Court then said:
“In effect, our holding on the nature of the right created by Article 2762, is that it establishes a cause of action when the badness of the workmanship results in ruin within ten years. This cause of action, therefore, only comes into being when there is a discovery of ruin the building within the time limit stated in the article. The time within which that cause of action may be asserted is governed by Article 3545. Surely the cause of action cannot be asserted before it accrues, and it must follow that any prescriptive period for asserting the cause of action cannot begin to run until the cause of action comes into being.”
As we have stated previously the question of prescription as to either the architect or contractor was not before the Appellate Court in the School Board case. The question there was only with regard to prescription as to the surety on the contractor’s bond. However, certainly the same reasoning would apply to the contractor. Had it not been for the fact that the contracts were signed prior to the enacL ment of R.S. 38:2189 we feel that the Supreme Court would have applied the three year prescription as therein set forth.
Does an architectural contract come within the three year limitation of R.S. 38:2189? We feel so. Title 38 of the Revised Statutes applies to Public Contracts, Works and Improvements. The services of contractors and architects are equally important in the construction of public buildings and both are regulated under Chapter 10 — Public Contracts.
We feel that the Legislature, in enacting Act 15 of 1962, used the term “contractor” in the broad sense, i. e., “any one who contracts.” Had the Legislature meant otherwise it would have been a very simple matter to use different terminology.
We are not impressed with the argument of petitioner as to the limited definition of *482 “contractor” as given in other sections of our revised statutes. Petitioner refers us to R.S. 37:2157 wherein a limited definition of the term “contractor” is used. That particular statute, however, begins with the wording: “For the purposes of this Chapter . . . ” thus showing an express intention on the part of the Legislature to restrict the meaning of the term “Contractor”.
Similar examples of limited use of the work is found in several sections of our statutes. One more is in R.S. 37:2162 which begins “The following terms used in this Chapter shall have the definitions as herein ascribed to them: . . .”■ The statute then proceeds to define certain terms among which is contractor, however, in a limited sense.
In thumbing thru the Articles of Chapter 10 (Public Contracts) we find the term “contractor” also used in R.S. 38:2181 and 2182. Section 2181 provides:
“A suit to annul a contract, entered into between the state or any state department or political subdivision and any person, on the ground of fraud, illegality, or violation of the contract, may be instituted either at the domicile of the contractor with the state or political subdivision, or in the parish where the real or personal property involved is located, or in the parish, or any one of the parishes wherein the work under the contract is to be performed.”
Section 2182 provides:
“If any person enters into a contract with the state or any parish, municipal or political corporation, or any board, commission, or public body created by or under the Constitution or laws of the state for the performance of work or the furnishing of material, for the sale or purchase of any commodity or for any service, or for the lease of land for any purpose, or acquires any contract of this nature originally made with another or any interest in or rights thereunder, and such person wilfully refuses or fails to appear as a witness before a court or grand jury, a legislative committee, a board or body, or officer authorized to conduct any trial, inquiry or hearing; or, having appeared, wilfully refuses or fails to testify or to answer any question relating to or any matter connected with or to the performance of the contract on the ground that his testimony or answer would tend to incriminate him or for any. other reason; or if such person wilfully refuses or fails to comply with a-subpoena duces tecum or other order requiring the disclosure or the production of documents, including books, records, accounts, and papers relating to the contractor any matter connected therewith or to the performance thereof, the person, shall ipso facto be permanently ineligible thereafter, directly or indirectly, to enter into, participate in or be interested in any contract or to acquire any contract originally made with another or any interest in or rights under a contract. Appearing as a witness, testifying or answering questions, or complying with the subpoena duces tecum or other order, after having wilfully refused or failed to do so and after judicial process has been invoked to compel performance of the duty shall not remove ineligibility. Persons, who have incurred ineligibility shall not control, substantially compose, or substantially own any firm or corporation which may enter into any contract or acquire any contract originally made with another or any interest therein or rights thereunder. Any person, succeeding to the business and assets of a person, who has incurred ineligibility, or who may be controlled by, substantially composed of, or substantially owned by such person, shall be likewise ineligible.”
Could anyone deny that it was the intention of the Legislature to include an architect within the meaning of “contractor”? We think not. There as in R.S. 38:2189 the term is used in a broad sense and Si- *483 moni, as the architect, is included under the term “contractor.”
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner, as permitted by law.
Affirmed.