Dear Ms. Dougherty:
This office is in receipt of your opinion request under letter dated May 11, 1992. The opinion request has been assigned to me for research and reply.
You state the Alumni Association and the LSU Foundation propose to designate the new Alumni Center as the Lod Cook Alumni Center. The issue presented is whether state law prevents the Association and the Foundation from naming the Center after Mr. Cook, who is a living person.
Louisiana law prohibits naming a public building after a living person. LSA-R.S. 14:316 provides:
 "No public building, public bridge, public park, public fish or game preserve, or public wildlife refuge built, constructed, and maintained in whole or in part with public funds and title to which stands in the name of the state or any of its subdivisions or in the name of any institution receiving its support in whole or in part from the state shall be named in honor of any living person. (Emphasis added).
A factual finding that the new Alumni Center is a private building would allow the Alumni Association and the Foundation to name the facility after a living person. The determination of the public or private nature of these organizations, and therefore the public or private nature of each organization's funds, is central to this discussion. After a review of the facts which you have related to us, and based upon applicable law and jurisprudence, we are of the opinion that both organizations are private entities, privately controlled and privately funded. For the following reasons, we conclude the new Alumni Center, built with funds raised by these organizations, is a private construction which may bear the name of a living person.
In your letter, you relate the following facts. Both the Association and the Foundation are non-profit corporations. A review of the Articles of Incorporation of each corporation indicates the purpose of each organization is to support the athletic and academic endeavors of Louisiana State University and Agricultural and Mechanical College. None of the officers or directors of either organization are LSU employees. Each organization has a private membership. Each organization pays the University for the use of university facilities. The salary of any university employee whose time is utilized by the Association or the Foundation is paid by the Association or the Foundation to the University.
The new Alumni Center will be built entirely with monies raised by the Association and the Foundation. Each organization will raise the necessary capital through private donations. The project will not be subject to the public bid laws. Although the building will be constructed on public property, that property is presently leased to the Association and the Foundation.
Both organizations operate on privately donated funds. The expenditures of each organization's funds are subject to the control of its board of directors. No LSU employee has the authority to authorize expenditures of either organization's funds as such authorization is vested solely in the board of directors.
Although each organization was created to support LSU, neither was created pursuant to statute and neither is funded by tax-payer monies. Because neither organization is a "public body" as defined by statute, neither is controlled by those state laws governing state bodies. Neither organization acts as the agent of LSU, nor does either organization have the authority to bind the university in any transaction.
The jurisprudence reflects several tests have been utilized to distinguish between public and private corporations. In the case of North Central Utilities vs. Walker Community Water,50 So.2d 1325 (La.App. 2d Cir. 1987), the court defined "public entity" as ". . .an entity which was established by the state constitution, legislative acts, or acts or ordinances of some political subdivision. . ." See also Seghers vs. Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir. 1978) (where the court determined the corporation was a public entity because it received most of its support from tax derived funds); State of Louisiana v. Simoni, Heck and Associates, 297 So.2d 918
(La.App. 1st Cir. 1974) (corporate articles reflected the nature of the corporation was public where the articles stated ". . .all buildings to be constructed or otherwise acquired by this corporation shall be for the use and benefit of the State of Louisiana. . ."); Spain v. Louisiana High School Athletic Association, 398 So.2d 136 (La. 1981) (the Louisiana High School Athletic Association was determined to be a public entity because of the governmental administrative functions performed by the organization and the degree of control the organization exercised over public education).
This office is of the opinion that the foregoing cases are distinguishable from the instant situation, after review of the related facts. We are aware of the decision in State of Louisiana ex. rel. William Guste, Jr., Attorney General v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) where the Supreme Court determined Nicholls State University Alumni Federation was a public corporation. The Court based its decision on facts indicating the organization resided on campus in a public building paying nominal rent, used state employees to perform its function, and was allocated monies from the University budget through which the federation's employees were paid. None of these factual circumstances are present in the instant case and for this reason we do not find the decision controlling.
This analysis is consistent with Attorney General Opinion Number 91-203, which concluded that the Tiger Athletic Foundation is a private, non-profit corporation whose funds, received through membership dues and donations, were private. The Tiger Athletic Foundation and the organizations in question have many similarities and we attach a copy of the opinion for your review.
Finally, the arrangement for the lease of public land by the Alumni Association and the Federation does not affect our determination. LSA-R.S. 17:3361(A)(5) allows the University to lease university grounds to "a private entity" and further states in Subpart B that contracts executed by a private lessee for the construction of improvements "shall not constitute public works contracts".
We conclude the facility in question is a private building, constructed from private monies raised by private organizations. The prohibition contained in LSA-R.S. 14:316 is not applicable. The new Alumni Center may legally be named after a living person.
We hope this interpretation of the law will be helpful to you. The opinions of this office are not binding, but are solely advisory in nature. Should you have further inquiries regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/0099E