Dear Mr Shealy:
You have requested our opinion as to whether the Lincoln General Hospital, Inc. ("LGH") is an "agency, board, commission, or instrumentality" of the Lincoln Parish Police Jury, and therefore excluded from the definition of a taxable person liable for state and parish sales and use taxes in accordance with La. R.S. 47:301(8).
Your request must be considered in light of judicial decisions which have determined whether an entity is considered public or private.
In Audubon Park Commission v. Board of Commissioners for the Port of New Orleans, 153 So.2d 574 (La.App. 4th Cir. 1963), the court discussed the relationship between the Audubon Park Commission, created by special act of the legislature, and the Audubon Park Natatorium, Inc., a private non-profit corporation created by the Commission. The corporation was created to lease and operate the swimming pool and concessions in Audubon Park. Private shareholders subscribed to 500 shares of preferred stock, with the Commission having the right to redeem all of the preferred stock. The corporation subsequently retired the preferred stock which vested sole ownership of the Natatorium in the Commission. The Commission and the corporation were controlled by the same persons, since a majority of the Commission's board also served and formed a majority of the corporation's directorate. The corporation functioned primarily as a purchasing agent for the Commission, and always acted at the instigation of the Commission.
The court found that the Commission created and used the corporation for the purpose of attaining objectives which the Commission, as a public corporation, was not authorized nor permitted to accomplish. The court further found that the Commission exceeded its authority in creating the corporation; however, the corporation existed de facto. The court cited C.C. Art. 429, since repealed, and found that the corporation was not a public corporation because it was not an entity "to whom a part of the powers of government is delegated to that effect". The court stated that if they were to find that the corporation was public it would lead to an "absurd result such as would permit a public corporation or agency to delegate powers to a private corporation in excess of those initially granted to the public corporation by the legislature".
The court in Audubon Park Commission, supra, also quoted from Kerr v. Enoch Pratt Free Library, 54 F. Supp. 514 (D.C. 1944) as follows:
 "* * * The legal test between a private and a public corporation is whether the corporation is subject to control by public authority, state or municipal. To make the corporation a public one, its managers, whether trustees or directors, must be not only appointed by public authority, but subject to its control * * *"
State ex rel. Guste v. Simoni, Heck Associates, 297 So.2d 918
(La.App. 1st Cir. (1974) concerned an action brought by the State and the Louisiana Office Building Corporation ("LOBC") to recover certain alleged overpayments arising from the construction of an office building by LOBC. One of the issues on appeal was whether LOBC was "the state or any of its agencies, boards or sub-divisions" within the meaning of R.S. 38:2189
which provides for prescription of actions by the State or any of its agencies, boards or subdivisions upon a public works contract or bond. The First Circuit adopted and quoted the trial judge's reasons for judgment and found that although LOBC was originally established as a non-profit (private) corporation, LOBC had been declared to be a quasi-public corporation by statute (R.S. 44:8). The court noted that the records of LOBC were open to inspection by state officials, employees and the public, and that its books and records were subject to audit and review by the Legislative Auditor. The court reviewed LOBC's articles of incorporation and found that only state officials could be members and that the corporation was clearly a corporation which has "principally for its object the administration of a portion of the State, and to whom a part of the powers of government is delegated to that effect" (quoting from Civil Code Article 429, since repealed); thus LOBC was a public corporation.
The Supreme Court's decision in State ex rel Guste, supra, reported at 331 So.2d 478 (1976), did not specifically address this issue; however, throughout their opinion, the Supreme Court called LOBC a "state agency".
The following statement made by the trial judge and adopted by the First Circuit, is compelling:
 "R.S. 38:2189 applies its three-year prescriptive period to `the state or any of its agencies, boards or sub-divisions'. It is difficult to imagine more sweepingly inclusive language in a statute. The word `corporation' is nowhere included in the statute. Whether or not the Louisiana Office Building Corporation is a public corporation is not, therefore, dispositive of whether or not it is `the state or any of its agencies, boards or sub-divisions' for purposes of R.S. 38:2189. * *
In National Bank of Commerce in New Orleans v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 206 La. 913, 20 So.2d 264 (1944) the court discussed whether the State University Board of Supervisors is a "public board" and a "political or public corporation" and quoted from "Corporations", 7 R.C.L., Section 14, page 40 as follows:
 "The distinction between public and private corporations has reference to their powers and the purposes of their creation. They are public when created for public purposes only, connected with the administration of the government and where the whole interests and franchise are the exclusive property and domain of the government itself."
In State ex rel. Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990) the court discussed whether a tax-exempt, non-profit private corporation was a "public body" for purposes of the public records act. The court could not determine whether the Nicholls College Foundation was a public body because the record did not reflect the duties and functions of the Foundation. However, the court was able to determine that the Alumni Federation, which transferred money to the Foundation, was a public body within the intendment of the public records act. The court found that the Federation enjoyed a close affiliation with the University as evidenced by its residence on campus in a public building for which it paid only nominal rent, and by its use of state civil service employees to run its office. The Federation's Articles of Incorporation stated that its purpose was to promote the University, which was created for the purpose of providing public education, a governmental function. The court found that the duties that the Federation performed in promoting the educational purposes of the University were functions that emulate functions which were also the responsibility of and/or performed by the University.
LGH is organized on a non-stock basis, with membership evidenced by certificates of membership. As originally incorporated, membership was limited to ten members, but by the Amendment, membership has been increased to fifteen. The qualifications for membership, pursuant to the Articles and the Amendment, are "determined by the officers and directors of the corporation". The direction and administration of LGH is vested in its Board of Directors, whose number has also been increased by the Amendment. Pursuant to the Articles and the Amendment, the Directors elect the President, Vice President, Secretary-Treasurer and such other officers as they deem necessary and appropriate.
LGH leases the hospital which it operates from LPBC. According to the Articles of LPBC, its purpose is to operate, maintain, lease and/or sublease the facilities and grounds known as the Lincoln General Hospital. LPBC's registered office is the "Lincoln Parish Police Jury Office", and its members and directors are the police jurors of Lincoln Parish, by virtue of their office. In order to adequately respond to your request, we must consider LPBC to be a public entity and arm of the police jury, organized to implement a governmental function of that body.
LGH leases the hospital building and grounds from LPBC pursuant to the Sublease referred to above. Although the Sublease provides that "Lessee shall operate the hospital" and "shall have sole control of the operation of said hospital", LPBC, through the Sublease, has acquired substantial control of, and input into the operations of LGH.
Pursuant to the Sublease, LGH agrees that it will only engage in the business of treating the sick, and that all its funds will be used exclusively for that purpose. LGH can only buy or sell real property if its use is restricted to health care, and it must obtain LPBC's consent before doing so (Para. 3.2). LGH is required to make its records available for public inspection in accordance with the state Public Records Law, "as if the Lessee were a public body" (Para. 4.4). LGH's Board meetings must be conducted in accordance with the state Open Meetings Law (Para. 4.5). LGH must obtain LPBC's written permission before purchasing replacement equipment costing in excess of $5000.00, and LGH is also required to comply with the state Public Contract and Bid Laws (Para. 5.6). Upon termination of the Sublease, LGH must convey all of its property and assets "to the Lincoln Parish Police Jury", except to the extent necessary to satisfy its contingent liabilities (Sec. X). LGH is also required to maintain a "Liaison Committee" of Directors, who "shall meet regularly" with an LPBC committee for the purpose of maintaining open lines of communication between the public, LPBC and LGH. The committees "will" discuss all problems relating to hospital operations, future plans and all other matters regarding the health care and needs of the citizens of the parish and the surrounding area (Sec. XII). The Sublease also contains extensive provisions regarding the election of LGH's Board of Directors and the appointment of its officers (commencing with election of April 27, 1988), and LPBC is given extensive input in that nomination and selection process.
Applying the law and reasoning set forth in the judicial decisions set forth herein, it is our opinion that LGH is an "agency, board, commission or instrumentality" of the Lincoln Parish Police Jury, encompassed within the broad language contained within R.S. 47:301(8)(c), regarding exemptions from sales and use taxes. Please be advised however, that this office has been asked to render an opinion as to the constitutionality of R.S. 47:301(8)(c), which opinion has not yet been released. Should we determine that statutory provision to be unconstitutional, then this opinion would be rendered moot.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0132n