357 So.2d 626 (1978)
M. Frances SEGHERS and Clydene G. Weathersby
v.
COMMUNITY ADVANCEMENT, INC., et al.
No. 11906.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*627 W. Luther Wilson, Baton Rouge, of counsel for plaintiffs-appellees, M. Frances Seghers and Clydene G. Weathersby.
Richard J. Dodson, Baton Rouge, of counsel for defendants-appellants, Community Advancement, Inc., and the Executive Committee of the Board of Directors of Community Advancement, Inc.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendants have appealed from the judgment ordering them to comply with La.R.S. 42:4.1, et seq., the "Sunshine Law".
The sole issue is the correctness of that judgment. We affirm.
The statute requires that its provisions be liberally construed so as to effectuate the policy of public business being performed in an open and public manner so that the citizens can be aware of the deliberations and decisions that go into making public policy. La.R.S. 42:4.1. It applies to meetings of "authorities with policy making or administrative functions which receive or expend tax funds . . . to discuss or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power." La.R.S. 42:5.
Community Advancement, Inc., was organized as a private non-profit corporation. Anticipating the formation, both the City and Parish Councils passed resolutions sponsoring the corporation. Several years later both councils passed resolutions reaffirming the sponsorship and redesignating Community Advancement, Inc., as the agency to administer antipoverty programs. With the exception of a comparatively minimal amount, the corporation derived all its support from local, state and federal funds. Even though some guidelines are set by the agencies supplying the funds, considerable policy making was required of the corporation in both the administration and distribution of the funds. Because the board of directors was large it delegated many duties to the executive committee, reserving to itself, however, subsequent review of the actions.
Defendants point to the status of the corporation as a private non-profit one and to the references in the statute to public bodies; they deduce therefrom that it was exempt from the statute. We believe that defendants have applied too restrictive an interpretation.
The corporation was organized to perform and has performed a governmental function, the administration of the antipoverty program. It has been supported almost exclusively by tax derived funds. It has been able to and has set policy in the distribution of those funds. We believe that all this requires that the corporation be classified as a public body or authority within the intendment of the statute. The City or Parish Council, if either had elected to do so, could have been the administrator of the antipoverty program or could have delegated the duties to another public body. The council or other public body would have been subject to the law. The fact that *628 Community Advancement, Inc. was organized under the legal mechanics of the private non-profit corporation law of the state should not result in its immunity from the statute.
The judgment of the lower court is affirmed at appellants' costs.
AFFIRMED.