EDWARDS, Judge.
Plaintiffs filed a summary proceeding to have defendant’s board of directors meetings declared open under the Open Meetings Law (R.S. 42:1 et seq.), to void action taken at a closed board meeting, and also to mandamus the release of certain financial records. After trial, plaintiff’s suit was dismissed. We affirm.
BACKGROUND FACTS
On December 20, 1982, the Board of Directors of Dixie held its regular monthly meeting. In closed session, the Board adopted a rate increase and approved loans from the Federal Government.
Plaintiffs, all member-customers of Dixie, filed suit seeking to have these Board actions declared void under the Open Meet *591 ings Law. Plaintiffs also sought a mandamus directing Dixie to release its salary and other financial records, which plaintiffs asserted were needed for an overall review of Dixie’s operations.[1]
The trial court ruled that plaintiffs were not entitled to examine Dixie’s financial records, nor were the Board meetings subject to the provisions of the Open Meetings Law. On appeal, plaintiffs urge that the lower court erred in both aspects.
FINANCIAL RECORDS
Dixie Electric Membership Corporation was incorporated in 1938 as a nonprofit corporation. However, in 1941, Dixie converted to a cooperative nonprofit membership corporation pursuant to the Electric Cooperative Law (R.S. 12:401-430). Under R.S. 12:416, the effect of such conversion is to consider Dixie as originally organized under the Electric Cooperative Law.
Although there are specific provisions on record examinations in the Business Corporation Law (R.S. 12:103) and the Non-Profit Corporation Law (R.S. 12:223), there are no sections in the Electric Cooperative Law regarding the examination of records by the membership. Nor does the Electric Cooperative Law provide that the business or nonprofit corporate law is supplementary to its provisions. Thus, plaintiffs have no statutory authority for examining Dixie’s records.
Additionally, plaintiffs’ argument that the right to inspect is inherent in their member ownership is unpersuasive. The existence of statutory authority for examination of business and nonprofit corporate records indicates that stockholders do not have an inherent right to inspect corporate records. The Legislature has specifically set out the procedures and qualifications necessary to invoke examination of the records of business and nonprofit corporations. In sum, the financial records sought are not required by law to be made available to plaintiffs.
OPEN MEETINGS LAW
Plaintiffs contend that Dixie is subject to the provisions of the Open Meetings Law which provides that every meeting of any “public body” shall be open to the public except for certain specific exceptions. R.S. 42:5. “Public body” is defined in R.S. 42:4.2 A(2) as:
“ ‘Public body’ means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.” (Emphasis added.)
Plaintiffs’ first argument is that Dixie is a “publicly operated utility”. Alternatively, they contend that Dixie is an “authority” as set forth above.
We find plaintiffs’ first argument unpersuasive. The term “publicly operated utility” envisions utilities owned and operated by political subdivisions, not private corporations such as Dixie.
Plaintiffs’ alternative argument asserts that Dixie is an “authority” because it performs functions (i.e., setting rates) similar to the regulatory functions of the Public Service Commission (PSC), which is subject to the Open Meetings Law. The cases relied on to support this argument are Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La.1981), and Seghers v. Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir.1978).
In Spain, the court held that for purposes of the Open Meetings Law, the Louisiana High School Athletic Association (LHSAA) constituted committees or subcommittees of the parish school boards or the state Board *592 of Elementary and Secondary Education (BESE), both of which are subject to the Open Meetings Law. The determining factors in this decision were the public funding of LHSAA, the public nature of LHSAA’s function in public education, and the close connection between the LHSAA and BESE in respect to regulatory functions.
In Seghers, the court ruled that a private non-profit corporation was subject to the Open Meetings Law because of its administration of antipoverty programs in East Baton Rouge Parish. The corporation was sponsored by both the Baton Rouge City Council and the East Baton Rouge Parish Council. It derived almost all of its support from local, state and federal funds, and exercised considerable policy-making in the administration and distribution of these funds. These factors influenced the court in classifying the corporation as a “public body” or “authority” within the meaning of the Open Meetings Law.
In this case, however, none of these factors are present. Dixie receives no support from public funds. Nor is Dixie involved in a direct governmental function such as public education or antipoverty programs.
Furthermore, as an electric cooperative, Dixie can set rates without approval from the PSC under R.S. 45:1163. In this limited respect, Dixie does perform a function somewhat similar to the PSC. However, this legislative exemption from the PSC does not serve to subject Dixie to the Open Meetings Law. Having explicitly included the boards of “publicly operated utilities” within the Open Meetings Law, it stretches the imagination to conclude that the Legislature further intended private electric cooperatives to be covered by the statute as an “authority”. Thus, we conclude that the term “public body” does not encompass defendant.
DECREE
Accordingly, for the above-expressed reasons, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. Some 167 Dixie employees intervened in the suit, alleging that the release of their salary records would constitute an invasion of their privacy.