Dear Mr. Sundbery,
You have requested the opinion of this office as to whether the Terrebonne Association for Retarded Citizens, Inc. (TARC), is a "political subdivision" of the state or parish within the meaning of LSA-R.S. 43:171 such that TARC must comply with the provisions of that statute for the publication of the minutes of its proceedings. You also ask whether, if TARC is not a "political subdivision" for this purpose, it must otherwise comply with the provisions of LSA-R.S. 43:171 under its contract with the Terrebonne Parish Consolidated Government (TPCG), which in part requires that TARC comply with "the Public Bid Law set forth in La. R.S. Title 38, the State Ethics Code, the Public Records Law, the Sunshine Law, and any other similar law applying to public bodies."
It is the opinion of this office that the Terrebonne Association for Retarded Citizens, Inc., must publish the minutes of its proceedings pursuant to LSA-R.S. 43:171, which provides that:
 Levee, drainage, subdrainage, road, subroad, navigation, and sewerage districts, or other political subdivisions of the state and parishes, shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper.
Since "political subdivision" is not specifically defined for the purposes of LSA-R.S. 43:171, it is necessary to look elsewhere to determine whether TARC should be considered a "political subdivision" subject to the publication requirement of this statute.
"Political subdivision" is defined fairly broadly in various places throughout the statutory law for different purposes. Section 44 of Article VI (Local Government) of the Louisiana Constitution of 1974 defines "political subdivision" as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." The key to this definition is the legal authority of a body to perform governmental functions.
Likewise, LSA-R.S. 13:5101 et seq. (Suits Against State, State Agencies, or Political Subdivisions) defines "political subdivision" in terms of legal authority to perform governmental functions, while not being restricted to political units contained within clearly defined boundaries. Section 5102(B) defines "political subdivision" as "any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency."
Given the apparent purpose of LSA-R.S. 43:171, to provide the public with ready access to the proceedings of public bodies, it would be helpful to examine certain provisions of a companion law, the Louisiana Open Meetings Law, or "Sunshine Law", (LSA-R.S. 42:4.1 et seq.) to determine what bodies are considered of a "public" nature such that the public should be allowed access to their proceedings.
In Seghers v. Community Advancement, Inc., 357 So.2d 626
(La.App. 1st. Cir. 1978), the court held that Community Advancement, Inc., a private non-profit corporation, was subject to the provisions of the "Sunshine Law" as a "public body" within the intendment of the statute. The court reasoned that:
 The corporation was organized to perform and has performed a governmental function, the administration of the antipoverty program. It has been supported almost exclusively by tax derived funds. It has been able to and has set policy in the distribution of those funds. . . . The fact that Community Advancement, Inc. was organized under the legal mechanics of the private non-profit corporation law of the state should not result in its immunity from the statute.
TARC was incorporated on March 21, 1962 by private citizens as a non-profit corporation. It was formed to provide for the needs of the mentally retarded in Terrebonne Parish, including their education at TARC facilities. TPCG, and its predecessor, the Terrebonne Parish Police Jury, have contributed substantial funds to TARC, primarily from a 5.08 mill parishwide ad valorem tax. Keeping in mind the purpose behind such laws as the Open Meetings Law, the Public Records Act, it is reasonable to require TARC, as a "political body" under the cited jurisprudence, and thus falling within the generally accepted definition of "political subdivision", to comply with the publication requirements of LSA-R.S. 43:171.
Furthermore, it is our opinion that under the express terms of the contract between TPCG and TARC, the Association for Retarded Citizens is obligated to publish the minutes of its board meetings pursuant to LSA-R.S. 43:171. It is a well settled general principle that legal agreements have the effect of law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing therefrom. Cooper v. Olinde, 565 So.2d 978 (La.App. 1 Cir. 1990); Quinn-L Corporation v. Elkins, 519 So.2d 1164 (La.App. 1 Cir. 1987). The parties are bound by their agreements so long as such agreements are not contra bonos mores or violative of some prohibitory law. Livingston Roofing Co. v. E. E. Rabalais Son, 401 So.2d 1047 (La.App. 3d Cir. 1981).
In this case, the provision of the contract requiring that TARC follow the publication provisions of LSA-R.S. 43:171, even if TARC does not fall within the intendment of the term "political subdivisions" in that statute, is neither contra bonos mores nor violative of a prohibitory law. Therefore, the Terrebonne Association for Retarded Citizens is contractually obligated to have the proceedings of its board and those financial statements required to be furnished to the legislative auditor published in a newspaper selected according to the provisions of LSA-R.S. 43:171(A)(2).
I hope that this adequately answers your request. If this office may be of further assistance in the future, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/bb 7601