Dear Mr. Benjamin:
Your opinion request to the Attorney General has been referred to me for response. Your question asks whether or not the Lafayette Association of Retarded Citizens (LARC) is subject to all of the provisions of our State's Open Meetings Law.
As background you give the following information which is quoted from your request.
 "The Parish and City of Lafayette created the Acadian Village Commission for the purpose of operating and promoting the Acadian culture and heritage and undertaking the management of preserving the Acadian Village which is owned by the Lafayette Association of Retarded Citizens (LARC), a private non profit corporation. The Acadian Village Commission and LARC entered into a joint agreement for LARC to lease and operate the Acadian Village as a public facility. This agreement has expired and LARC continues to operate the Acadian Village as a public attraction and facility for the same purposes for which it was originally intended.
 Act 983 of the 1992 Regular Legislative Session established the Lafayette Parish Visitor Enterprise Fund which provides for an annual appropriation by the legislature for Fiscal Years 1993-94 and 1994-95 one-third of the appropriation to the Acadian Village."
As stated above the LARC is a private non-profit corporation. In order for the Open Meetings Law to apply, the entity in question must be a "Public body" as defined in the law. The applicable statute is LSA-R.S. 42:4.2(2) which states as follows:
 "`Public body' means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph."
As noted in your request, Act 983 of 1992 provides public funds for Acadian Village which is operated by the LARC. We also note from your request that LARC "receives state funding for the operation of its programs on behalf of the mentally retarded."
We must begin our analysis with the statement that LARC does not fit the above definition of a "Public Body" under the act. The public monies given to LARC do not necessarily make it a public body subject to the Act, see Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) and the later First Circuit opinion at 592 So.2d 419 (La.App. 1 Cir. 1991). In Nicholls it was established that records of public funds received were open to inspection under the Public Records Act even though the Foundation was held to be private. In your request, the fact that Acadian Village, which is managed by the LARC, receives state funds, and LARC receives state funds itself, does not make LARC public. Its financial records dealing with the receipt and expenditure of those funds should be open to inspection under the Public Records Act, see Guste v. Nicholls. Therefore it is clear that the records of these expenditures are public, however, that is not the question. With regard to your question dealing with open meetings we note as follows: The fact that an entity is ostensibly private is not necessarily dispositive of the question of the applicability of the Open Meetings law. The Louisiana Supreme Court in Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La. 1981) held a private body subject to the open meetings law because of its function.
In Seghers v. Community Advancement, Inc., 357 So.2d 626
(La.App. 1st. Cir. 1978), the court held that Community Advancement, Inc., a private non-profit corporation, was subject to the provisions of the "Sunshine Law" as a "public body" within the intendment of the statute. The court reasoned that:
 The corporation was organized to perform and has performed a governmental function, the administration of the antipoverty program. It has been supported almost exclusively by tax derived funds. It has been able to and has set policy in the distribution of those funds. . . The fact that Community Advancement, Inc. was organized under the legal mechanics of the private non-profit corporation law of the state should not result in its immunity from the statute.
See A.G. opinion No. 93-218
The question herein is more difficult than those presented in Spain and Seghers in that LARC was not organized solely to perform a governmental function. However, in consideration of the liberal construction mandated for the "Open Meetings" law by LSA-R.S. 42:4.1 and the purpose of LARC along with the fact that it is receiving public monies both for its core operations and for Acadian Village, we conclude that LARC is indeed subject to the State's "Open Meetings" law, LSA-R.S. 42:4.1 et. seq. and should comply therewith.
Trusting the above has answered your question, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JAMES M. ROSS Assistant Attorney General RPI/JMR:cdw wp-Ross:94-16