Dear Mr. Pappalardo:
You have requested an opinion of the Attorney General in your capacity as Chairman of the Board of Commissioners of the Louisiana Housing Finance Agency (LHFA), relative to the status of LHFA board members serving on the Board of Directors of the Louisiana Development Partnerships, Inc. (LDP), a 501(c)3 nonprofit corporation, created by LHFA. You state that the LHFA has requested to participate in the U.S. Department of Housing and Urban Development's (HUD) Property Disposition Program through LDP.
You first ask whether members of the LHFA's Board are afforded any limitations from liability for actions arising out of the exercise of their duties while serving on the LDP Board.
As noted above, LDP is a nonprofit corporation created by LHFA. R.S. 40:600.6(A)(22) and (23) provide, with respect to the LHFA's powers and duties, the following:
 "A. The agency shall have the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including the following powers in addition to all other powers granted by other provisions of this Chapter:
* * *
 (22) Notwithstanding anything stated in this Chapter or in any other law to the contrary, particularly R.S. 12:202.1, to create or cause to be created such nonprofit corporations as may be necessary or expedient to participate in housing programs of the federal government or its agencies and instrumentalities.
 (23) Notwithstanding the provisions of this Chapter or any other law to the contrary, particularly R.S. 12:202.1, to create or cause to be created such nonprofit corporations as may be necessary or desirable to establish housing equity funds, the purpose of which shall be to direct the investment of capital primarily from Louisiana residents to residential housing developments qualifying under Section 42 of the Internal Revenue Code of 1986 for low income housing credits."
In addition, Section 600.6(C) authorizes LHFA to coordinate with local nonprofit housing corporations in developing a comprehensive plan and housing strategy under a federal program for the restoration and revitalization of public housing developments.
While the statutory provisions comprising the Louisiana Housing Finance Act (Act) provide limitations on liability of LHFA board members [see R.S. 40:600.5(E) and 600.12], they make no mention of such limitations on behalf of members of the LDP Board.
However, R.S. 9:2792.1, as enacted by Acts 1987, Nos. 460, 578
and 589, provides:
 " § 2792.1 Limitation of liability of director, officer, or trustee of non-profit organization
Text of section as added by Acts 1987, No. 460, § 1
 A person who serves as a director, officer, or trustee of a nonprofit organization qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of 1954, as amended, and who is not compensated for such services on a salary basis shall not be individually
liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy or arising out of the management of the affairs of the organization while acting as a director, officer, or trustee of that organization, provided he was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by the willful or wanton misconduct of such person.
 § 2791.1. Limitation of liability of director, officer, or trustee of nonprofit organization
 Text of section as added by Acts 1987, No. 578, § 1, and Acts 1987, No. 859, § 1
 A person who serves as a director, officer, or trustee of a nonprofit organization qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of 1954, as amended, and who is not compensated for such services on a salary basis shall not be individually
liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a director, officer, or trustee of that organization, or arising out of the management of the affairs of that organization, provided he was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by his willful or wanton misconduct." (Emphasis added.)
As can be seen from the above, LDP non-salaried board members are provided limitations of individual
liability, as qualified by Section 2792.1. This office previously discussed and distinguished liability in one's individual capacity from one's official capacity in Attorney General Opinion Nos. 87-340 and 340A, as follows:
 "While this article limits the liability of the referenced officers and employees in their individual capacities, it does not limit their liability in their official capacity nor does it limit the liability of the facility or the governing authority which created, governs and regulates the facility. Therefore, where individuals have been damaged or injured as a result of acts or omissions to act by employees and officers of the facility, there is some exposure to liability for the officers of the facility in their official capacities, the facility itself and the governing authority of the facility.
 Liability in one's individual capacity basically means personal liability, liability imposed on an individual personally. Liability in one's official capacity, in this instance as an officer or employee of a public institution, is liability imposed on an individual for acts committed as a result of his official position. The acts on which the liability is based are usually acts which are either authorized by statutes or committed under color of law.
 In this particular instance the individual is not personally liable, but liability is usually imputed to the entity of which he is an officer or employee."
It should be clearly noted that you have not requested anopinion on the issue of whether it is legallypermissible for LHFA board members to serve on theBoard of LDP. We find no such authority in the Act. In theabsence of same, we strongly recommend that you present thisissue to the Louisiana Ethics Commission for theirconsideration and resolution.
You next ask whether records and meetings of the LDP are subject to the Public Records and Open Meetings Laws. R.S. 40:600.6(22) and (23) are silent with regard to this issue.
The Public Records Law allows the inspecting, reproducing or obtaining reproductions of any public record. R.S. 44:31. "Public records" include all books and records (a) used in the transaction of any business "performed by or under the authority of the constitution or laws of this state", or "under the authority of any ordinance, regulation, mandate, or order of any public body", or (b) all books and records "concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state." LSA-R.S. 44:1(A)(2).
The Act defines "public body", in R.S. 44:1(A)(1), as "including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function." As previously noted, LDP is a 501(c)(3) nonprofit corporation created by LHFA through which the LHFA intends to implement a HUD low income housing program.
The law and jurisprudence favor a liberal construction of the Public Records Law "so as to enlarge rather than restrict access to public records by the public." See Lewis v.Spurney, 456 So.2d 206 (La.App. 4th Cir. 1984) Writ Denied. With this policy in mind, we conclude that LDP constitutes a "public body" for purposes of the Public Records Law. In accord, see State, ex. rel Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), Rehearing Denied, and Attorney General Opinion Nos. 92-404, 92-434 and 92-476.
The Open Meetings Law provides that every meeting of any public body should be open to the public, subject to appropriate statutory exceptions. R.S. 42:5(A). "Public body" is defined in R.S. 42:4.2(A)(2) as follows:
 "(2) `Public body' means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph." (Emphasis added.)
Section 4.1 of Title 42 mandates a liberal construction of the Public Meetings Law to the end that public business be performed in an open and public manner and citizens be advised and aware of the performance of public officials and the deliberations that go into the making of public policy.
Considering the purpose for which LDP was incorporated, (i.e., to implement governmental programs which offer adequate housing to low income persons and/or families), we find LDP to be a "public body" for purposes of the Open Meetings Law. In accord, see Attorney General Opinion Nos. 79-601 and 82-529.
We find our position to be clearly supported by the case ofSeghers v. Community Advancement, Inc., etal., 357 So.2d 626 (La.App. 1st Cir. 1978). There, the court held that a private nonprofit corporation organized to perform the governmental function of administering an anti-poverty program constituted an "authority" within the intendment of the Open Meetings Law, despite it being organized under the legal mechanics of private nonprofit corporation law.
It should be noted that LDP may elect to go into executive session for any one or more of the reasons set forth in R.S.42:6.1. The procedures to be followed when doing so are set forth in Section 6.
You next ask whether members of the LHFA Board who serve as directors of the LDP are subject to the provisions of the Louisiana Code of Governmental Ethics (Code) when the activities of the LDP involve business interests of the board members. While we believe the resolution of this issue rests more appropriately with the Commission on Ethics for Public Employees (Commission), we offer the following discussion.
R.S. 40:600.3 establishes and creates the LHFA as a public body corporate and political subdivision and instrumentality of the state, within the Department of the Treasury. It is governed by a board of fifteen members, thirteen of whom are appointed by the governor, and the remaining two by the president of the Senate and speaker of the House of Representatives. R.S. 40:600.4.
The Code is found at R.S. 42:1101, et seq. It would appear that the LHFA constitutes an "agency" under R.S. 42:1102(2), as well as a "governmental entity" under Section 1102(12). Its board members constitute "public employees" and "public servants" under Section 1102(18) and (19), respectively. Accordingly, LHFA board members would appear to be subject to the Code's provisions unless exempted by law.
Exemptions established in the Code, itself, are found in R.S.42:1123. Any question regarding the application of these exemptions should be referred to the Commission.
The Act, itself, also contains a limited exemption from the operation of the Code. R.S. 40:600.5 provides:
 "F. If any commissioner, officer, or employee of the agency shall have any interest, either direct or indirect, in any contract to which the agency is, or is to be, a party, or in any lending institution requesting a loan from, or offering to sell insured mortgage loans to, the agency, such interest shall be disclosed to the agency in writing and shall be set forth in the minutes of the agency. Notwithstanding the provisions of R.S. 42:1112(A), (B), and (C), no commissioner, appointed from nominations made by organizations as provided in R.S. 40:600.4(A)(3)(a) through (g), officer, or employee having such interest shall participate in any action by the agency with respect to such contract or lending institution. No commissioner appointed from nominations made by the Louisiana AFL-CIO, as provided in R.S. 40:600.4(A)(3)(h), or from the general public, as provided in R.S. 40:600.4(A)(3)(i), having such interest shall participate in any action by the agency with respect to such contract or lending institution. However, nothing herein contained shall be deemed or construed to limit the right of any commissioner, officer, or employee of the agency to act as a real estate agent in any transaction wherein purchase financing is derived, in whole or in part, directly or indirectly, from the sale of securities of the agency, to acquire bonds of the agency, or to have an interest in any banking institution in which the funds of the agency are, or are to be, deposited or which is, or is to be, acting as trustee or paying agency under any resolution of the agency." (Emphasis added.)
As can be seen from the above, certain LHFA board members are exempt from the operation of R.S. 42:1112(A), (B) and (C) so long as they disclose their interests and do not participate in any actions by the LHFA involving their interests in contracts and/or lending institutions. An exemption is also afforded to board members acting in the capacity of a real estate agent for transactions specified therein.
It should be noted, however, that the exemptions afforded by Section 600.5 appear to be limited to the operation of R.S.42:1112. Any question regarding the applicability of other provisions of the Code should be referred to the Commission. Further, any question regarding the applicability of the Code to LDP and its board members should be referred to the Commission.
Your final question asks what limits, if any, exist with regard to the LHFA transferring its funds to the LDP to enable LDP to carry out the activities authorized in its articles and bylaws. In addition, you ask whether LHFA must enter into a formal cooperative endeavor agreement in order to effect a transfer of funds.
Initially, it should be noted that the purposes for which LHFA may create nonprofit corporations are clearly set forth in R.S.40:600.6(22) and (23) — i.e., (1) to participate in housing programs of the federal government or its agencies and instrumentalities and (2) to establish housing equity funds for the purpose of directing the investment of capital primarily from Louisiana residents to residential housing developments qualifying under Section 42 of the Internal Revenue Code of 1986 for low income housing credits. Accordingly, any transaction involving the donation or grant of public funds from LHFA to LDP must conform to these statutory purposes.
The constitutional norm for the lawful use of public funds and property is found at Article VII, Section 14 of the Louisiana Constitution of 1974. Paragraph (A) generally prohibits the loan, pledge or donation of public funds and/or property. Exceptions to this prohibition are found in Paragraph (B). The language contained in this section provides, in pertinent part, the following:
"(A) Prohibited Uses
 Except as otherwise provided by this constitution, the funds, credits, property, or things of value of this state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private . . . .
 (B) Authorized Uses
 Nothing in this section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . . . "
Considering the foregoing, it is the opinion of this office that public funds may be transferred to LDP for use by LDP to participate in housing programs of the federal government or its agencies and instrumentalities for the benefit of persons oflow income, or to establish housing equity funds for residential housing developments qualifying under Section 42 of the Internal Revenue Code of 1986 for the benefit of lowincome housing credits. It should be emphasized that state funds may only be used to benefit persons of low, as opposed to moderate, income.
Any transaction between LHFA and LDP resulting in the transfer of public funds from the former to the latter, should be consummated only after a formal written agreement has been entered into setting forth the reciprocal rights and duties attributable to each party.
Trusting this opinion has answered your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/bb
0401R
Mr. Al Pappalardo Chairman, Board of Commissioners Louisiana Housing Finance Agency 200 Lafayette Street, Suite 300 Baton Rouge, LA 70801
Date Received:
Date Released:
ROBERT E. HARROUN, III ASST. ATTORNEY GENERAL