Dear Ms. Hayes:
This office is in receipt of your opinion request in which you raise the following issues for review:
 1. Whether the Acadia-Vermilion Community Action Agency is a public or private agency; and
 2. Whether the Acadia-Vermilion Community Action Agency board members are public officials.
Please note that the Acadia-Vermilion Community Action Agency changed its name to "Assist Agency" (a self sufficiency improvement support team) by resolution dated December 19, 1994.
In response to your first question, community action agencies are defined within state law pursuant to LSA-R.S. 23:62
providing:
 (1) "Community action agency" means a public agency or nonprofit corporation having authority under its charter or bylaws, or both, to administer community action programs, which has been designated as a community action agency by the parish governing authority.
Further, LSA-R.S. 23:64.1(E) provides:
 E. An entity designated as a community action agency shall be considered a private, nonprofit organization unless it establishes itself as otherwise by October 1, 1994 or upon its initial designation if such occurs after such date.
A review of the articles of incorporation (as amended) of the Assist Agency indicates that the agency is a private, non-profit corporation under Louisiana law. It is important to note, however, that the agency is subject to the provisions of the Open Meetings Law, LSA-R.S. 42:4.1 et seq., see Seghersv. Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir. 1978).
The court in Segers, supra, held that a private, non-profit corporation, organized for the purpose of carrying out a governmental function (administering anti-poverty programs) with public funds should be classified as a public body within the intent of the Open Meetings Law.
This does not make the Assist Agency a public corporation for all purposes. The Assist Agency is not, for example, tax exempt as a public agency. Op. Atty. Gen. 93-707.
In answer to your second question, the composition of the board is set out in LSA-R.S. 23:64.1:
 § 64.1 Governing board
 A. Each community action agency or private nonprofit organization shall administer its programs through a governing board which shall consist of from fifteen to thirty-one members who shall be selected by the community action agency or private nonprofit organization. Each board will be constituted so as to assure that:
 (1) One-third of the members of the board shall be elected public officials currently holding office in the geographical area to be served by the community action agency. If the number of elected public officials available and willing to serve is less than the one-third requirement, appointed public officials may be used to meet this requirement. Duly appointed members may designate an individual to represent them on the board by properly notifying the local community action agency of such designation.
 (2) At least one-third of the members of the governing board shall be individuals with low income who reside in the area to be served by the agency, or representatives of those individuals. Persons representing individuals with low income need not themselves have incomes below the level established by the Department of Labor for purposes of this Part; however, these representatives must reside in the same geographic area as the individuals they represent and must be chosen in accordance with democratic selection procedures adequate to assure that they are representatives of the poor in the area served.
 (3) The remaining members of the board shall be officials or members, or their designees, of public agencies, business, labor, industry, religious, welfare, education, or other major groups or interests in the community to be served.
 B. Each local governing authority or public agency designated as a community action agency shall establish an advisory board, with advisory powers only, that shall consist of fifteen to thirty-one members which shall be constituted to assure that:
 (1) At least one-third of the members are persons chosen from the area served in accordance with democratic selection procedures adequate to assure that they are representative of the poor in the area served; or
 (2) Low-income citizens shall participate in the planning, administration, and evaluation of projects funded by the community action agency in accordance with a mechanism established by the Department of Labor.
 C. The terms of board members selected in Paragraph (1) of Subsection A of this Section shall coincide with the term of their elected office. The terms of all other board members shall be no more than five years and they shall serve no more than two consecutive terms without serving an inactive year. Notwithstanding any other provision of law to the contrary, the term on any elected official serving on the board shall coincide with his term of office regardless of whether such terms are consecutive.
 D. The governing boards of a community action agency or private nonprofit organizations shall have the power to appoint a person to the senior staff position; to determine fiscal and program policies; to approve all rules and procedure; and to assure compliance with all conditions of this Part which relate to their responsibilities. Such actions shall be consistent with the policies promulgated by the Department of Labor for the administration of this Part. If the designated community action agency is the local governing authority, the community action agency advisory board shall have no powers as outlined in this Subsection other than advisory to the community action agency.
 E. An entity designated as a community action agency shall be considered a private, nonprofit organization unless it establishes otherwise by October 1, 1994 or upon its initial designation if such occurs after such date.
Thus, that the board consists of at least one-third (1/3), but no more than two-thirds (2/3) elected or appointed public officials. The remaining portion of the board is composed of low income individuals within the area served by the Agency, or their representatives.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL