Dear Mayor Williams:
You requested an Attorney General's opinion to determine whether the Shreveport Regional Arts Council (SRAC) is subject to compliance with a public records request and is also subject to open meetings laws. You have advised in your request that the SRAC is a private non-profit corporation set up to provide cultural programming throughout the Shreveport Community.
You further advise that the City of Shreveport supports these activities and programs by contract and provides services and support to SRAC in their implementation. You have also provided this office with a copy of the corporate charter and articles of incorporation of the Shreveport Regional Arts Council, as well as an unsigned copy of various correspondence and a contract for services between the City of Shreveport and the Shreveport Regional Arts Council.
To answer your request, we must look for statutory guidance as well as jurisprudential interpretation of such statutes, along with the specific facts you have provided to our office. The Public Records Act, LSA-R.S. 44:1(A) defines "public body" and "public records" as follows:
 (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or a quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
 (2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction or performance of any business, transaction, work, duty, or function which was conducted, transacted or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records" except as otherwise provided in this Chapter or as otherwise specifically provided by law.
The law and jurisprudence favor a liberal construction of the public records law, "so as to enlarge rather than restrict access to public records by the public." See Lewis v. Spurney,456 So.2d 206 (La.App. 4th Cir. 1984) writ denied.
A review of the contract, attached to the request, clearly shows that the Shreveport Regional Arts Council, deemed a contractor under the agreement, receives public funds and provides assistance, makes recommendations, and provides other services to the city in connection with the agreement.
It should additionally be noted that under the agreement, the Shreveport Regional Arts Council agrees to permit the city or its designated representative to inspect as it deems necessary all records pertaining to the contract as they relate to finances, as well as other records that may be required by relevant directives of funding sources to the city. It also provides for the audit and inspection by the city of all of the SRAC's records with respect to all matters covered by the contract.
In Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) and the later First Circuit Opinion at 592 So.2d 419
(La.App. 1st Cir. 1991), it was established that the right of inspection under the Public Records Act was limited to the records of receipts and expenditures of public funds received, whether received by governmental, public or private bodies.
The Supreme Court in Guste held that only records of a special account where public funds were kept were deemed public records and other records maintained their private character. The court stated, "if a private corporation accepts public money from a public body in the discharge of the latter's constitutional or legal duties, it must disclose records concerning those transactions, including the receipt and expenditure of those funds. If those corporations wish to avoid divulging non-public receipts and expenditures they need only maintain separate and distinct books, accounts and records. In this case, the right of inspection is limited to the records of receipts and expenditures of public funds". Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1990).
It is our opinion that the council's records with regard to the contract entered into with the city and the funds so received are subject to Louisiana's Public Records Law. The records of the council created outside of its functions, in connection with the contract, would not, however, fall under the Louisiana's Public Records Law.
With regard to your question dealing with open meetings, we note Louisiana's Open Meetings Law provides that every meeting of any public body should be open to the public, subject to appropriate statutory exceptions. LSA-R.S. 42:5(A). "Public body" is defined in LSA-R.S. 42:4.2(A)(2), as follows:
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards and publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
According to the information provided to this office, the Shreveport Regional Arts Council was formed as a nonprofit corporation under Louisiana law by individuals in 1976 and not by or with the authority of any governing authority or political subdivision.
While the court in Seghers v. Community Advancement, Inc., etal., 357 So.2d 626 (La.App. 1st Cir. 1978) held that a private nonprofit corporation could, under certain circumstances, be subject to the provisions of the "sunshine law" as a "public body", it is our opinion that the Shreveport Regional Arts Council, as a private nonprofit corporation does not fall within the same category or type of nonprofit organization as Community Advancement, Inc.. In Seghers, the court held that, "Community Advancement, Inc., was organized as a private non-profit corporation. Anticipating the formation, both the city and parish councils passed resolutions sponsoring the corporation. Several years later, both councils passed resolutions reaffirming the sponsorship and redesignating Community Advancement, Inc., as the agency to administer anti-poverty programs."
In the matter before us, Shreveport Regional Arts Council was not set up by the City of Shreveport or any other governing authority, nor is it a committee or subcommittee of any of the bodies enumerated under LSA-R.S. 42:4.2(A)(2). It clearly does not fall within the definition outlined above.
In conclusion, it is our opinion that under the facts provided to us in this request, the Shreveport Regional Arts Council is subject to compliance with a public records request only as to the contract with the city and the funds associated therewith, and is not subject to Louisiana's Open Meetings Laws.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ Charles H. Braud, Jr. Assistant Attorney General
Date Received: Date Released
CHARLES H. BRAUD, JR. Assistant Attorney General