11 ARMSTRONG, J.
In this case the plaintiff-appellant alleges violations of the Public Lease Law, La. R.S. 42:1211 et seq., the Public Bid Law, La. R.S. 38:2211, and the Open Meetings Law, 42:4.1 et seq. The trial court found that none of those three statutes is applicable to the appellee and, consequently, dismissed the case as against the appellee. We will affirm.
The plaintiff is an entity named M.K.L. Development, L.L.C. (“M.K.L.”). The defendants are World Trade Center of New Orleans Inc. (“WTC”) which is a private non-profit corporation, International Trade Building Corporation (“ITBC”), which is a public benefit corporation, and the City of New Orleans. The City owns the World Trade Center Building in New Orleans. The City leases the entire building to ITBC The ITBC subleases the entire building to WTC. Various portions of the building are sub-subleased by WTC to various tenants such as consular offices, attorneys and a private club. The building functions as a fairly typical downtown office building.
WTC plans to sub-sublease a substantial portion of the building to a tenant who will convert that space into a space suitable for a hotel and to then operate a|2hotel in that space. M.K.L. and two other entities submitted proposals for the hotel conversion and operation project. M.KL.’s proposal was eliminated from consideration. M.K.L. then sued WTC, ITBC and the City. The gist of M.K.L.’s petition is that the process by which M.KL.’s proposal was eliminated violated the Public Lease Law, the Public Bid Law and the Open Meetings Law. WTC filed an exception of no cause of action, and an alternative motion for summary judgment, based upon the proposition that the three statutes raised by M.K.L. are not applicable to WTC because WTC is a private corporation. We agree.
The judgment of the trial court dismissed this action only as against WTC, and left this action pending as against ITBC and the City, so we express no opinion as to M.KL.’s allegations against ITBC and the City. (The case is before us *713 by appeal from an Article 1915 certification for immediate appeal.) WTC, for purposes of its exception and motion, did not argue that it complied with the three statutes at issue, and instead argued that the three statutes are not applicable to it so we express no opinion as to whether there was compliance with the three statutes. Lastly, we express no opinion as to whether M.KL.’s proposal should have been eliminated. We decide only whether the Public Lease Law, the Public Bid Law and the Open Meetings Law apply to WTC.
WTC argues that, under La. R.S. 41:1212 G, the bidding provisions of the Public Lease Law (which are the provisions M.K.L. claims to have been violated) do not apply to the hotel sub-sublease that it plans for the World Trade Center Building. More specifically, WTC points out that the ITBC, from whom WTC subleases the building, is a public benefit corporation and that La. R.S. 41:1212 G specifically exempts public benefit corporations from the bidding provisions of the Public Lease Law. The specific point that WTC is urging that, because the sublease 13from ITBC to WTC is exempt, then the subsequent sub-subleasing by WTC also must be exempt. While that specific point is not expressly addressed in the statute, nor in any law cited by the parties or identified by us, it does appear that WTC is correct. Because WTC obtained all of its rights to the building (including the right to sub-sublease) through the subleasing process of the public benefit corporation ITBC, which subleasing process is exempt from statutory provisions as to bidding, it seems logical that WTC’s rights so obtained (including the right to sub-sublease) would, similarly, include the right to lease (in this case, sub-sublease) while exempt from the bid provisions of the Public Lease Law. The normal expectation in the case of a lease (or sublease) is that the right of the lessor (or sublessor) to sublease (or sub-sublease) is restricted only by the terms of the lease (or sublease) by which it obtains all of its rights to the property. In the absence of any express statutory direction one way or the other, we see no reason to assume that the normal expectations for a leasing (or subleasing) arrangement should not apply to a lease (or sublease) by a public benefit corporation such as the ITBC. Also, if private-entity lessees (or sublessees) leasing property from a public benefit corporation were to be burdened by the bid provisions of the public Bid Law if they sought to sublease (or to sub-sublease), then that could make leases (or subleases) from public benefit corporations less attractive, impact the financial returns public benefit corporations can obtain by leasing (or subleasing) property, and thus frustrate at least in part the legislative purpose in exempting public benefit corporations from the bid provisions of the Public Lease Law. Thus, we hold that, because the ITBC’s subleasing of the building to WTC was exempt from the bid provisions of the Public Lease Law, WTC’S sub-subleasing of a portion of the building is also so exempt. Lastly as to this point, we note that paragraph G of La. [4R.S. 41:1212 was enacted subsequent to this Court’s decision in State ex rel. Cuccia v. French Market Corp., 334 So.2d 241 (La.App. 4th Cir.), writ denied, 337 So.2d 189 (La.1976). Thus, to the extent, if any, that Cuccia is inconsistent with La. R.S. 41:1212 as amended by the addition of paragraph G, we must, of course, apply the statute as amended despite any inconsistency with Cuccia.
With respect to the Public Bid Law, WTC argues that, because it is a private corporation, and not a public entity of any sort, it is not subject to the Public Bid Law. We agree. The Public Bid Law, by its own terms, applies only to a “public entity”, La. R.S. 38:2212, and it specifically defines the term “Public entity” in La. R.S. 38:2211(A)(10). Under that statutory definition, there is simply no way that a private corporation such as WTC can be a “public entity” subject to the Public Bid Law.
M.K.L. argues that the City and the ITBC are subject to the Public Bid Law. However, assuming that that is correct, it has no impact on the present appeal be *714 cause only the WTC, and not the City nor the ITBC, was dismissed by the appealed from judgment. We opine here only as to the applicability of the Public Bid Law to WTC.
M.K.L. also argues that, because WTC subleased the building from ITBC, which had leased the building from the City, and because both the City and ITBC are (M.K.L. argues) subject to the Public Bid Law, WTC must also be subject to the Public Bid Law. M.K.L. seems to be arguing, in effect, that the Public Bid Law “follows the building” as it is leased and subleased so that the private entity subles-sor, WTC, becomes subject to the Public Bid Law. M.K.L. cites no legal authority which supports this argument and we have been unable to identify any. In any case, we are unpersuaded by this argument of M.K.L. because the Public [ ¡¡Bid Law’s applicability is determined, not by what is leased, but by the type of entity, public versus private, doing the leasing. Under the clear terms of the Public Bid Law, cited above, what is determinative is that WTC is a private corporation and not that the building itself is publicly owned.
As to the Open Meetings Law, WTC argues that that statute is not applicable to WTC because WTC is not a “public body” within the meaning of the statute. We agree. The Open Meetings Law, by its own terms, applies to public bodies and it specifically defines “public body”. La. R.S. 42:4.2 A(2). That definition does not include private corporations such as WTC.
M.K.L. cites Spain v. LHSAA, 398 So.2d 1386 (La.1981), in support of its argument that WTC should be treated as a “public body” despite the fact that it is a private corporation. In Spain, the Supreme court determined that an organization of high schools, including all of the state’s public high schools, was a committee of public bodies and, therefore, itself a “public body”, because of the statutory definition of “public body”, La. R.S. 42:4.2 A.(2), includes “any committee or subcommittee of these [public] bodies enumerated in this paragraph”. The Spain court noted that each member school was represented by its principal (which, in the case of public schools, were public employees) and that the issue was whether such an assemblage of public school principals was a “committee” of public bodies so as to itself constitute a “public body”. The Spain court resolved that issue, and found that the high school association was a “committee” of public bodies with the following language:
The LHSAA performs a function which is, by law, entrusted to the various bodies established for the regulation of public education. It is funded by public money earned by state schools at athletic events. It has established a comprehensive set of rules and regulations | ^governing how public schools and their students must conduct themselves with regard to athletic and academic endeavors, all with the acquiescence and implied blessing of the legislature, Board of Elementary and Secondary Education, Superintendent of Education, and local school boards. See Seghers v. Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir.1978). Equally important is the degree of con-nexity between the regulatory functions of the LHSAA and the regulatory functions of a particular “public body” found in R.S. 42:4.2(A)(2). Here the connexity is close, since LHSAA performs a major policy-making, advisory and administrative function in an area that is within the primary control of public bodies listed in the Open Meetings Law.
Viewed in this light, the LHSAA and its official committees and subcommittees in their present form do constitute collective committees or subcommittees for the parish school boards or State Board of Elementary and Secondary Education for the purposes of the Open Meetings Law.
Spain, 398 So.2d at 1390 (footnote omitted).
We believe that it is clear that WTC is not comparable to the high school association at issue in Spain. WTC is not an assemblage of public bodies. Nor does it *715 function as did the high school association as discussed in the above-quoted passage from Spain. WTC simply subleases a building and then sub-subleases space in the building to tenants. That limited role, as landlord of an office building, is not at all equivalent to the extensive and government-like function of the high school association at issue in Spain.
M.K.L. also cited Seghers v. Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir.1978), for the proposition that the WTC is subject to the Open Meetings Law. Seghers, like the present case, involved a private non-profit corporation. But, the corporation at issue in Seghers, as described by the Seghers court, was not at all like WTC.
17Community Advancement, Inc., was organized as a private non-profit corporation. Anticipating the formation, both the City and Parish Councils passed resolutions sponsoring the corporation. Several years later both councils passed resolutions reaffirming the sponsorship and redesignating Community Advancement, Inc., as the agency to administer antipoverty programs. With the exception of a comparatively minimal amount, the corporation derived all its support from local, state and federal funds. Even though some guidelines are set by the agencies supplying the funds, considerable policy making was required of the corporation in both the administration distributions of the funds.
Seghers, 357 So.2d at 627. The Seghers court emphasized that the corporation “was organized to perform and has performed a governmental function”, that it was “supported almost exclusively by tax derived funds” and that it “set policy in the distribution of those [tax derived] funds”. Id.
None of the facts and considerations supporting the decision in Seghers are present with respect to WTC. Indeed, in its nature, role and function, WTC appears indistinguishable from any landlord of a downtown office building. The sole con-nexity to government is that the building is owned by the City and that does not result in WTC performing the sort of “governmental function” described in Seghers.
Lastly, M.K.L. cites Brown v. East Baton Rouge Parish School Board, 405 So.2d 1148 (La.App. 1st Cir.1981). However, in Brown, the applicability of the Open Meetings Law was stipulated, 405 So.2d at 1151, so Broum provides no precedent useful in the present case.
Thus, WTC is not a “public body” as that term is defined in the Open Meetings Law. Consequently, the Open Meetings Law is not applicable to WTC.
For the foregoing reasons, the judgment of the trial court is affirmed.
| #\FFIRMED.