Dear Mrs. Juana Woodard,
You requested an Attorney General's opinion to determine whether the Houma Downtown Development Corporation is subject to open meetings laws. According to information received by this office the Houma Downtown Development Corporation is a nonprofit corporation established for the sole purpose of enhancing downtown Houma.
To answer your request we will have to look at the statutory basis for the public meetings laws and the juridical interpretation of those statutes. The statutory authorization for the "Sunshine Laws" comes from the Louisiana Constitution itself. Article XII, Section 3 of the Louisiana Constitution states:
 § 3. Right to Direct Participation
 No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
The public meetings laws are set out in LSA-R.S. 42:4.1 through
LSA-42:13:
LSA-R.S. 42:5 A states:
 A. Every Meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
A determination of whether an organization is covered by the public meetings laws rests on whether the organization is considered to be a "public body." LSA-42:4.2 A(2) gives the definition of a "public body."
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory or administrative functions, including any committee or subcommittee of any these bodies enumerated in this paragraph.
According to LSA-42:4.1A the provisions of the public meetings laws are to be construed liberally.
 A. It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through 10 shall be construed liberally.
The First Circuit Court of Appeals addressed the question of whether a non-profit corporation could be considered a "public body" in Seghers v.Community Advancement, Inc., 357 So.2d 626 (La.App. 1st Cir. 1991). It held that the nonprofit organization was essentially a part of the government and thus should be subject to open meeting laws.
 The Corporation was organized to perform and has performed a governmental function, the administration of the antipoverty program. It has been supported almost exclusively by tax-derived funds. It has been able to and has set policy in the distribution of these funds. We believe that all this requires that the corporation be classified as a public body or authority within the intendment of the statute. Seghers at 627.
The Houma Downtown Development Council can be distinguished from the corporation in Seghers. The Houma Downtown Development Council has no policy-making authority to spend tax-derived funds. It only makes recommendations to the city council on projects to improve the downtown area. The Houma Development Council does not exclusively use public funds to support its projects. It also obtains funds from fund-raisers, private donations and grants.
In M.K.L. Development L.L.C. v. City of New Orleans, 772 So.2d 711
(La. 4 Cir. 10/16/00), the Fourth Circuit Court of Appeals held that a non-profit corporation did not perform a government function and was not subject to open meetings laws. This office has held in Louisiana Attorney General Opinion No. 98-478, that non-profit corporations, such as the Shreveport Regional Arts Council, do not perform a "government function" as described in Seghers and do not have the requisite connexity with government to fall under the scope of the Seghers analysis.
Therefore it is our conclusion, based on information provided to this office, that the Houma Downtown Development Corporation is not a "public body" for purposes of LSA-R.S. 42:4.2 and would not be subject to open meetings laws. I trust this sufficiently addresses your concerns.
If our office can be of further assistance, please do not hesitate to give us a call.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: CHARLES H. BRAUD, JR. Assistant Attorney General