Dear Mr. Theriot:
You have requested an Attorney General's opinion regarding the Open Meetings Law (La.R.S. 42:4.1, et seq.). You indicate that in your ongoing work auditing the records of Louisiana Citizens Property Insurance Corporation ("Citizens"), you have come to realize that Citizens is bound closely with two other entities. These two entities are the Louisiana Automobile Insurance Plan ("LAIP") and the Property Insurance Association of Louisiana ("PIAL"). You question whether LAIP and PIAL are subject to the Open Meetings Law.
The Open Meetings Law only applies to public bodies. Thus, if LAIP and/or PIAL are public bodies they would be subject to the Open Meetings Law. La.R.S. 42:4.2A(2) defines "public body" as:
 "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
This is a broad definition, and we note that the provisions of the Open Meetings Law are to be liberally construed[1] . The main criteria of what constitutes a public body is "where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph." Attorney General Opinion No. 05-0317. Thus, we must determine whether LAIP and/or PIAL have policy making, advisory, or administrative functions. We also look at the purpose for which the organizations were formed. *Page 2 
LAIP is the state's assigned risk pool, which is the system set up by the state to make automobile insurance available to drivers who cannot otherwise obtain automobile insurance in the open market. LAIP was created by R.S. 22:1417(B), which is found in Part XXX of Title 22. The purpose of Part XXX is to "promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate, or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of this Part".[2] Considering that LAIP was created by the legislature, serves a public purpose, and performs administrative functions, namely running the state's assigned risk pool, it is the opinion of our office that LAIP is a public body and is subject to the Open Meetings Law. Our opinion is further supported by the fact that the Governing Committee of LAIP is an agency placed within the Department of Insurance by the legislature.[3]
The statute governing PIAL is also found in Part XXX of Title 22. According to PIAL, the organization was originally established in 1888, prior to the legislature recognizing it for the first time in 1904. Although PIAL was not originally formed by the legislature, it appears that R.S. 22:1405 has transformed PIAL into a creature of the legislature; at the very least, PIAL is an organization the legislature has harnessed to perform a public function.[4] We note that La.R.S.22:1405 provides that PIAL "shall be continued" and that all insurance companies that write fire insurance in the state shall belong to PIAL. Thus, the legislature has mandated the existence of PIAL and has determined who shall be members. The statute also establishes the Board of Directors of PIAL and how that Board is selected. Further, the legislature has set forth the powers and duties of PIAL.
PIAL's continued existence was mandated for the same public purpose that LAIP was created, "promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate, or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of this Part". PIAL performs policy making, administrative and advisory functions in furtherance of that public purpose as part of its statutory powers and duties set forth in R.S. 22:1405(D), which include inspecting properties for fire hazards, making rates on fire and extended coverage insurance, surveying municipal areas for public fire protection grading, filing fire insurance ratings schedules with the Louisiana Insurance Rating Commission and reviewing building plans and fire suppression systems.
In consideration of the liberal construction mandated for the Open Meetings Law by R.S. 42:4.1, and due to the public purpose for which PIAL was continued by the legislature, and the policy making, administrative and advisory functions performed by PIAL, it is our opinion that PIAL is a public body for purposes of the Open Meetings *Page 3 
Law.[5] As with LIAP, this opinion is further supported by the fact that the Board of Directors of PIAL is an agency which was placed within the Department of Insurance by the legislature.[6]
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] See R.S. 42:4.1.
[2] R.S. 22:1402.
[3] R.S. 36:686.
[4] Even if PIAL is considered a privately formed association rather than a creature of the legislature, it can still be subject to the Open Meetings Law. See Seghers v. Community Advancement, Inc., 357 So.2d 626
(La.App. 1st Cir. 1978).
[5] It should be noted that R.S. 22:1405 specifically exempts PIAL from the Public Records Law (R.S. 44:1 et seq.) Clearly, if the legislature wanted to exempt PIAL from the Open Meetings Law they could have done so.
[6] R.S. 36:686.